1  James C. Fedalen (State Bar No. 89184)
     *jfedalen@hfl-lawyers.com*
2  Angela P. Lin (State Bar No. 227715)
     *alin@hfl-lawyers,com*
3  **HUANG, FEDALEN & LIN, LLP**
   16633 Ventura Boulevard, Suite 1420
4  Encino, California 91436
   Telephone (818) 377-9000
5  Facsimile (818) 377-9001

6  Kieran G. Doyle (*admission pro hac vice*)
     *kgd@cll.com*
7  Eric J. Shimanoff (*admission pro hac vice*)
     *ejs@cll.com*
8  **COWAN LIEBOWITZ & LATMAN, P.C.**
   1133 Avenue of the Americas
9  New York, New York 10036
   Telephone (212) 790-9200
10 Facsimile (212) 575-0671

11 *Attorneys for Defendant TODD CHRISTOPHER*
   *INTERNATIONAL, INC. d/b/a/ VOGUE INTERNATIONAL*

12

NOTE CHANGES MADE BY THE COURT

13            **UNITED STATES DISTRICT COURT**

14            **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15  MOROCCANOIL, INC., a California corporation, | CASE NO.: CV10 10048 DMG (AGRx) [Honorable Dolly M. Gee, Ctrm 7 (Spring)] |
| 16 | |
| 17       Plaintiff, | ~~[proposed]~~ STIPULATED PROTECTIVE ORDER |
|         v. | |
| 18  VOGUE INTERNATIONAL, a fictitiously named company of TODD | |
| 19  CHRISTOPHER INTERNATIONAL, INC., a Florida corporation, and DOES | |
| 20  1 through 10, Inclusive, | |
| 21       Defendants. | |
| 22  TODD CHRISTOPHER INTERNATIONAL, INC. d/b/a/ | NOTE CHANGES MADE BY THE COURT |
| 23  VOGUE INTERNATIONAL, a Florida Corporation, | |
| 24 | |
| 25       Counterclaimant, | |
|         v. | |
| 26 | |
| 27  MOROCCANOIL, INC., a California Corporation, | |
| 28       Counterdefendant. | |

-1-
STIPULATED PROTECTIVE ORDER

1    **IT IS HEREBY STIPULATED AND AGREED,** by and between the parties
2 hereto, that:

3        1.      Any party or non-party (collectively "party") that produces information in
4 connection with this case orally during testimony at depositions, in writing or through
5 the production of documents or otherwise during the proceedings which it reasonably
6 believes in good faith to be confidential or highly confidential in nature may designate
7 such information for protection under this Stipulated Protective Order.  The information
8 so designated ("Protected Material") shall thereafter be subject to the provisions of this
9 Stipulated Protective Order.

10        2.      Protected Material shall be designated by the party producing it as either
11 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"
12 at the time that a response to discovery is made by placing or affixing a
13 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"
14 notice in writing on documents containing such Protected Material, except that in the
15 case of depositions, the party's counsel wishing to designate portions of a deposition as
16 containing Protected Material may do so by making an appropriate statement at the
17 time of the giving of such testimony or by notifying counsel in writing upon subsequent
18 review of the transcript.  Where material is designated both "CONFIDENTIAL" and
19 "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the material shall be
20 treated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

21        3.      Any designation of Protected Materials which is inadvertently omitted
22 during document production may be corrected by written notification to counsel, and
23 such documents shall thereafter be treated as Protected Material in accordance with the
24 provisions of this Stipulated Protective Order.

25        4.      Any designation of Protected Material which is inadvertently omitted
26 during testimony at depositions may be corrected within thirty (30) days of such
27 testimony by written notification to counsel and such testimony shall thereafter be

28

STIPULATED PROTECTIVE ORDER

1 treated as Protected Material in accordance with the provisions of this Stipulated

2 Protective Order.

3        5.      Protected Material classified as "HIGHLY CONFIDENTIAL -

4 ATTORNEYS' EYES ONLY" under paragraph 2 may be disclosed only to the

5 following persons, except upon the prior written consent of the designating party or

6 upon order of the Court:

7        (a)     counsel of record for the parties and the necessary clerical and legal

8                support personnel employed by such counsel;

9        (b)     Plaintiff's in-house counsel, Gerardo Ludert;

10       (c)     independent consultants and experts retained by counsel of record to assist

11               in connection with this action, subject to the provisions contained in

12               paragraph 7 of this Stipulated Protective Order;

13       (d)     persons who are identified on the face of a writing containing such

14               information as the authors or recipients of the information; and

15       (e)     the Court and its employees and stenographic reporters present at

16               depositions or trial.

17       6.      Protected material classified as "CONFIDENTIAL " under paragraph 2

18 may be disclosed only to the following persons, except upon the prior written consent

19 of the designating party or upon order of the Court:

20       (a)     the persons identified in paragraph 5 above to whom information

21               designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

22               ONLY" may be disclosed; and

23       (b)     the parties and their employees who are participating in this proceeding.

24       7.      In the event that counsel of record for a receiving party proposes to

25 disclose Protected Material to any independent consultant or expert retained for the

26 purposes of this litigation, said consultant or expert must first execute a copy of the

27 declaration attached hereto as Exhibit A.

28

-3-
STIPULATED PROTECTIVE ORDER

8.    All Protected Material disclosed in this case shall be used by counsel, authorized retained outside experts or consultants, if any, and any other reviewing party, only for the purposes of prosecuting or defending this litigation and not for any business or other purpose whatsoever, including for their own use or for the use of their clients.

9.    A party seeking to file with the Court Protected Material, ~~No Protected Material shall be filed in the public record of this matter.~~ ~~Any Protected Material that is filed with the Court, and any~~ or any pleadings, motions or other papers ~~filed with the Court~~ disclosing any Protected Material, shall ~~be filed under seal.~~ comply with Local Rule 79-5. Where possible, only the portions of filings containing the Protected Material shall be filed under seal. ~~Notwithstanding the foregoing obligation to file Protected Material under seal,~~ the burden of demonstrating to the Court that any Protected Material should be sealed shall always remain with the party that designated the Protected Material as such.

10.    A party which designates information as Protected Material shall have a reasonable basis for believing, in good faith, that the information requested is confidential, proprietary or commercial information upon which restrictions to access should be imposed before that party designates the information as Protected Material. In the event that a receiving party shall at any time disagree with the designation by the producing party of any information as Protected Material, then the parties will first try, in good faith, to resolve such dispute on an informal basis before presenting the dispute to the Court ~~by motion or otherwise~~ pursuant to Local Rule 37. The Court may then determine whether the information should be considered Protected Material and, if so, may rule on what restrictions to access or disclosure should be imposed, if any. No party shall be obligated to challenge the propriety of the designation of Protected Material at the time of production, and a failure to do so shall not preclude a subsequent challenge as to the propriety of such designation.

11.    This Stipulated Protective Order is without prejudice to the right of any party to seek relief from or modification of any provision contained in it after notice to

-4-
STIPULATED PROTECTIVE ORDER

1 | the other party. This Stipulated Protective Order is without prejudice to the right of any

2 | party to move for a separate protective order relating to any particular document or

3 | information, including restrictions different from those specified herein, and/or to

4 | present other appropriate motions.

5 |        12.    The restrictions set forth in any of the preceding paragraphs shall not apply

6 | to information or material that:

7 |      (a)    was, is or becomes public knowledge, not in violation of this Stipulated

8 |             Protective Order;

9 |      (b)    is acquired by the non-designating party from a third party having the

10 |             right to disclose such information or material; or

11 |      (c)    was lawfully possessed by the non-designating party prior to the execution

12 |             of this Stipulated Protective Order.

13 |        13.    Nothing herein shall affect the right of a producing party to use its own

14 | Protected Material for any purpose.

15 |        14.    Nothing herein shall prevent a receiving party or any other person who has

16 | received Protected Material pursuant to the terms of this Agreement from producing

17 | such Protected Material in response to a lawful subpoena or other compulsory process,

18 | provided that the receiving party or other person receiving such subpoenas or process

19 | (a) shall as soon as is reasonably practical give notice thereof to counsel for the

20 | producing party by telephone and facsimile and shall furnish the producing party a

21 | reasonable opportunity to seek a protective order; and (b) if application for a protective

22 | order is made promptly and before the return date, shall not produce such Protected

23 | Material prior to receiving a court order of the consent of the producing party or its

24 | counsel unless otherwise required by law.  In the event that production of such

25 | Protected Material is made notwithstanding such prompt application for a protective

26 | order, it shall continue to be treated as Protected Material by all persons subject to this

27 | Stipulated Protective Order unless and until the court shall otherwise direct.

28 |

STIPULATED PROTECTIVE ORDER

15.     Each person who has access to Protected Material that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16.     This Stipulated Protective Order shall survive the termination of this action. Within thirty (30) days of the final disposition of this action including, without limitation, the final disposition of any appeals taken in the action, all Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," and all copies thereof, shall be promptly returned to the producing party or destroyed promptly.

17.     Nothing contained in this Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this action and, in the course thereof, from generally referring to or relying upon the examination of documents produced or information revealed in deposition or trial transcripts.  In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the specific content of any document or information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by a producing party.

18.     This Court shall retain jurisdiction over all persons subject to this Stipulated Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

19.     This Stipulated Protective Order may be executed in multiple counterparts, each of which shall be valid and binding as if all parties had executed the same original, and a faxed signature shall be deemed an original signature for all purposes.

20.     The parties agree to submit to this Stipulated Protective Order for entry by the Court.  However, the parties agree to be bound by its terms upon execution and regardless of whether it is entered by the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

1

2    Dated:   April 10, 2012         **CONKLE, KREMER & ENGEL**

3

4                      By: _____
                     William C. Conkle (SB# 76103)
                       w.conkle@conklelaw.com

5                      Mark D. Kremer (SB# 100978)
                       m.kremer@conklelaw.com

6                      Kevin R. Keegan (SB# 260115)
                       k.keegan@conklelaw.com

7                      3130 Wilshire Boulevard, Suite 500
                     Santa Monica, California  90403-2351

8                      Telephone (310) 998-9100
                     Facsimile (310) 998-9109

9

10                      *Attorneys for Plaintiff/Counterdefendant*
                     *Moroccanoil, Inc.*

11    Dated:   4/11/2012          **HUANG FEDALEN & LIN LLP**

12

13                      By: _____
                     James C. Fedalen (State Bar No. 89184)
                     jfedalen@hfl-lawyers.com

14                      Angela P. Lin (State Bar No. 227715)
                     alin@hfl-lawyers.com

15                      16633 Ventura Boulevard, Suite 1420
                     Encino, California 91436

16                      Telephone (818) 377-9000
                     Facsimile (818) 377-9001

17

18

19                      **COWAN, LIEBOWITZ & LATMAN, P.C.**
                     Kieran G. Doyle (*admission pro hac vice*)
                     kgd@cll.com

20                      Eric J. Shimanoff (*admission pro hac vice*)
                     ejs@cll.com

21                      1133 Avenue of the Americas
                     New York, New York 10036

22                      Telephone (212) 790-9200
                     Facsimile (212) 575-0671

23                      *Attorneys for Defendant/Counterplaintiff Todd*
                     *Christopher International, Inc.*

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

Case 2:10-cv-10048-DMG -AGR   Document 99   Filed 04/11/12   Page 8 of 10   Page ID #:3829

1  **THE STIPULATED PROTECTIVE ORDER BETWEEN**

2  **MOROCCANOIL, INC. AND TODD CHRISTOPHER INTERNATIONAL,**

3  **INC. d/b/a/ VOGUE INTERNATIONAL** IS HEREBY APPROVED AND SO

(AGR)  4  **ORDERED:** , AS MODIFIED BY THE COURT,

5

6  Dated: May 9, 2012

7

8

9  _Alicia G. Rosenberg_

10  Honorable ~~Dolly M. Gee~~
   United States ~~District Court~~ Judge

11  Magistrate

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-
STIPULATED PROTECTIVE ORDER

Case 2:10-cv-10048-DMG -AGR   Document 99   Filed 04/11/12   Page 9 of 10   Page ID #:3830

1

## **EXHIBIT A**

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  MOROCCANOIL, INC., a California corporation, | CASE NO.: CV10 10048 DMG (AGRx) [Honorable Dolly M. Gee, Ctrm 7 (Spring)] |
| 11 | |
| 12              Plaintiff, | |
| 12        v. | **NON-DISCLOSURE AGREEMENT** |
| 13  VOGUE INTERNATIONAL, a fictitiously named company of TODD | |
| 14  CHRISTOPHER INTERNATIONAL, INC., a Florida corporation, and DOES | |
| 15  1 through 10, Inclusive, | |
| 16              Defendants. | |
| 17  TODD CHRISTOPHER INTERNATIONAL, INC. d/b/a/ | |
| 18  VOGUE INTERNATIONAL, a Florida Corporation, | |
| 19 | |
| 20              Counterclaimant, | |
| 20        v. | |
| 21 | |
| 22  MOROCCANOIL, INC., a California Corporation, | |
| 23             Counterdefendant. | |

24

25      I, _____, hereby acknowledge that I have read the

26   Stipulated Protective Order entered in the above-entitled action and will not directly or

27   indirectly use or allow use for any purpose or disclose to any person for any purpose

28   any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

-9-

STIPULATED PROTECTIVE ORDER

Case 2:10-cv-10048-DMG-AGR   Document 104   Filed 05/09/12   Page 10 of 10   Page ID
#:3893
Case 2:10-cv-10048-DMG -AGR   Document 99   Filed 04/11/12   Page 10 of 10   Page ID
#:3831

1  ONLY" information or documents covered by the aforesaid Order except as provided in

2  said Order and not for any business or other purpose whatsoever, and I hereby agree to

3  be bound by the terms of said Order.

4

5  Date:

6                                                          By: _____

7

8                                                          _____
                                                           Print Name
9

10                                                         _____
                                                           Firm or Affiliation
11

12                                                         _____
                                                           Title:

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER